IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stacey Lee Thomas, ) | |
|                                          ) | C/A No. 9:06-3578-MBS |
|            Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| J. Al Cannon, Jr., Sheriff, Char. Co.; ) | |
| Mitch Lucas, Chief Deputy Char. Co. ) | |
| Detention Center Administrator, ) | |
| ) | |
|            Defendants. ) | |
| _____) | |

       Plaintiff Stacey Lee Thomas is a pretrial detainee who currently is housed at the Anderson County Detention Center in Anderson, South Carolina. On December 20, 2006, Plaintiff, proceeding pro se, filed a complaint alleging that he had been subjected to unconstitutional conditions of confinement. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

       This matter is before the court on motion for summary judgment filed by Defendants on April 20, 2007. Defendants assert that Plaintiff has failed to state a claim for which relief may be granted because (1) Plaintiff has failed to exhaust his administrative remedies; (2) the individual Defendants are entitled to Eleventh Amendment immunity; and (3) the conditions of confinement claim fails as a matter of law. On April 23, 2007, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately. Plaintiff filed an affidavit on May 23, 2007, and a response in opposition to summary judgment on June 11, 2007.

       In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge George C. Kosko for pretrial handling. On July 2, 2007, the Magistrate Judge issued a Report and Recommendation in which he recommended that

Defendants' motion for summary judgment should be granted as to Defendants' contention that Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, the motion for summary judgment is **granted** to the extent Defendants contend that Plaintiff's claims are barred because he has failed to exhaust his administrative remedies as required by § 1997e(a).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
July 30, 2007

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.